**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SNAPMEDTECH, INC. d/b/a :
SNAPNURSE, INC., :
  :
       Plaintiff, :      CASE NO.  8:23-CV-1958
  :
   vs. :
  :
BRISTOL SNF LLC d/b/a :
BRISTOL CARE CENTER. :
  :
      Defendant. :

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, SnapMedTech, Inc. d/b/a SnapNurse, Inc. by and through its undersigned counsel, and files this complaint against Bristol SNF LLC d/b/a Bristol Care Center and respectfully shows this Court as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff SnapMedTech, Inc. d/b/a SnapNurse, Inc. (hereinafter "Plaintiff" or "SnapNurse") is a Georgia corporation that provides healthcare staffing services. SnapNurse has its principal place of business in Atlanta, Fulton County, Georgia.

2. Defendant Bristol SNF LLC d/b/a Bristol Care Center (hereinafter "Defendant" or "Bristol Care") is a Delaware company with its principal place of

- 1 -

business in Tampa, Hillsborough County, Florida. Bristol Care may be served

through its Registered Agent, Corporation Service Company, at 1201 Hays Street,

Tallahassee, Florida, 32301-2525.

3.      Upon information and belief, Defendant Bristol SNF LLC is wholly

owned by Bristol Holdco LLC, a Delaware company with its principal place of

business at 400 Rella Boulevard, Suite 200, Montebello, New York, 10901.

4.      Upon information and belief, there are no members of Bristol Holdco

LLC who are citizens of Georgia.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §

1332 in that this is a dispute between citizens of different states, and the value of

the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Personal jurisdiction and venue are proper in this Court because all or

nearly all of the complained of acts occurred in, or caused damage in, the Tampa

Division of the Middle District of Florida.

7.      The contract underlying the dispute between SnapNurse and

Defendant in this action was for services to be provided in Tampa, Florida.

8.      The majority of the performance of the contract underlying the dispute

in this action occurred in Tampa, Florida.

**STATEMENT OF FACTS**

9.      SnapNurse entered into a contract (the "Staffing Agreement") with

Bristol Care on August 04, 2021. A true and correct copy of the Staffing

Agreement is attached hereto as Exhibit "A" and is incorporated herein by

reference. The Staffing Agreement identified that SnapNurse would, upon Bristol

Care's request, provide supplemental personnel to Bristol Care. This agreement

left SnapNurse to incur costs associated with providing staffing to Bristol Care.

10.      In 2021 and 2022, pursuant to the Staffing Agreement, SnapNurse

provided the requested staffing to Bristol Care.

11.      The Staffing Agreement provided that SnapNurse would invoice

Bristol Care for services performed. Payments for amounts invoiced were due

within 30 days of receipt. Amounts unpaid after 30 days accrued interest at a rate

of three percent (3%) per annum, or fraction thereof.

12.      SnapNurse issued Invoice # 18883 to Defendant Bristol Care on

October 21, 2021, in the amount of $25,497.89. Payment for the invoice was due

on November 20, 2021. As of today's date, Invoice # 18883 has an outstanding

principal amount due of $10,596.63, plus accrued interest.

13.      SnapNurse issued Invoice # 19469 to Defendant Bristol Care on

October 28, 2021, in the amount of $28,807.01. Payment for the invoice was due

on November 27, 2021. As of today's date, Invoice # 19469 has an outstanding principal amount due of $20,855.00, plus accrued interest.

14.     SnapNurse issued Invoice # 20496 to Defendant Bristol Care on November 11, 2021, in the amount of $25,473.01. Payment for the invoice was due on December 11, 2021. As of today's date, Invoice # 20496 has an outstanding principal amount due of $24,355.25, plus accrued interest.

15.     SnapNurse issued Invoice # 21510 to Defendant Bristol Care on November 24, 2021, in the amount of $18,852.51. Payment for the invoice was due on December 24, 2021. As of today's date, Invoice # 21510 has an outstanding principal amount due of $18,852.51, plus accrued interest.

16.     SnapNurse issued Invoice # 22001 to Defendant Bristol Care on December 02, 2021, in the amount of $21,347.02. Payment for the invoice was due on January 01, 2022. As of today's date, Invoice # 22001 has an outstanding principal amount due of $21,347.02, plus accrued interest.

17.     SnapNurse issued Invoice # 22479 to Defendant Bristol Care on December 09, 2021, in the amount of $15,487.50. Payment for the invoice was due on January 08, 2022. As of today's date, Invoice # 22479 has an outstanding principal amount due of $15,487.50, plus accrued interest.

18.     SnapNurse issued Invoice # 24417 to Defendant Bristol Care on January 06, 2022, in the amount of $11,872.64. Payment for the invoice was due

on February 05, 2022. As of today's date, Invoice # 24417 has an outstanding principal amount due of $5,523.63, plus accrued interest.

19.     SnapNurse issued Invoice # 24815 to Defendant Bristol Care on January 13, 2022, in the amount of $3,106.25. Payment for the invoice was due on February 12, 2022. As of today's date, Invoice # 24815 has an outstanding principal amount due of $1,916.25, plus accrued interest.

20.     SnapNurse issued Invoice # 26141 to Defendant Bristol Care on January 20, 2022, in the amount of $1,547.00. Payment for the invoice was due on February 19, 2022. As of today's date, Invoice # 26141 has an outstanding principal amount due of $1,547.00, plus accrued interest.

21.     The principal balance owed on all outstanding invoices, as described more particularly in Paragraphs 12 through 20 above, is $120,480.79, plus accrued interest, which continues to accrue at a rate of three percent (3%) per annum. A true and correct copy of all outstanding invoices is attached hereto as Composite Exhibit "B" and is incorporated herein by reference.

22.     The Staffing Agreement provides that the prevailing party in any lawsuit arising from any dispute or claim under the Staffing Agreement shall be entitled to recover its reasonable attorney's fees, costs, and expenses.

23.     The Staffing Agreement provides that it is governed by the laws of the State of Georgia without regard to Georgia's conflict of law provisions.

24.     Plaintiff sent correspondence on November 7, 2022, requesting

payment for all outstanding amounts due.

25.     Defendant did not respond to Plaintiff's correspondence dated

November 7, 2022.

26.     Plaintiff, through undersigned counsel, sent additional correspondence

on February 9, 2023, demanding payment for all outstanding amounts due.

27.     Defendant did not respond to counsel's correspondence dated

February 9, 2023.

28.     All conditions precedent to the relief requested herein have occurred

or been waived.

## CLAIMS FOR RELIEF

### COUNT ONE: BREACH OF CONTRACT
### AGAINST DEFENDANT BRISTOL CARE

29.     Plaintiff incorporates by reference the allegations set forth in

paragraphs 1-28 of this Complaint as if fully set forth herein.

30.     Plaintiff and Defendant entered into the Staffing Agreement, a valid,

enforceable, and binding contract.

31.     Plaintiff agreed to provide staffing services in full consideration for

the Staffing Agreement.

32.     In exchange for Plaintiff's agreement to provide staffing services,

Defendant agreed to compensate Plaintiff pursuant to the Staffing Agreement.

33.     Plaintiff fulfilled its obligations under the Staffing Agreement and is not in breach thereof.

34.     Defendant breached an express term of the Staffing Agreement when it refused to pay amounts properly invoiced for healthcare staffing services provided by Plaintiff to Defendant.

35.     Specifically, Defendant has refused to pay $120,480.79 for services properly provided and invoiced to Defendant.

36.     As a result of Defendant's material breach of the Staffing Agreement, Plaintiff has suffered damages in the amount of $120,480.79, plus accrued interest at a rate of three percent (3%) per annum.

37.     The damages flow directly from and are the natural and probable consequences of Defendant's breach.

## COUNT TWO: BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING AGAINST DEFENDANT BRISTOL CARE

38.     Plaintiff incorporates by reference the allegation set forth in paragraphs 1-28 of this Complaint as if fully set forth herein.

39.     Under Georgia law, parties to a binding agreement must act in good faith in interpreting and carrying out the terms of the agreement and their respective rights and obligations under the agreement.

40.     By refusing to honor its obligations under the Staffing Agreement, Defendant expressly breached the Staffing Agreement.

41.     Defendant also failed to act in good faith in carrying out its obligations under the Staffing Agreement.

42.     Plaintiff is entitled to an award of damages due to Defendant's failure to act in good faith with regard to its obligations under the Staffing Agreement.

## COUNT THREE: UNJUST ENRICHMENT
## AGAINST DEFENDANT BRISTOL CARE

43.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-28 of this Complaint as if fully set forth herein.

44.     Plaintiff alleges in the alternative to its breach of contract claim, that Plaintiff is entitled to recover under the doctrine of unjust enrichment if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendant, Plaintiff performed services that were outside of or over and above those contemplated by the existing contract, or the existing contract is void.

45.     Following the execution of the Staffing Agreement on August 04, 2021, Defendant induced Plaintiff to confer a benefit on Defendant by requesting healthcare staffing services from Plaintiff.

46.     Defendant had knowledge of, consented to, assented to, and accepted the conferred benefit provided by Plaintiff to Defendant.

47.     Plaintiff provided the requested healthcare staffing services to Defendant.

48.    Defendant knew that Plaintiff was not providing the services gratuitously.

49.    Defendant knew that Plaintiff reasonably expected to be compensated for the services provided.

50.    Plaintiff properly invoiced Defendant for the healthcare staffing services provided by Plaintiff to Defendant.

51.    While Defendant made partial payment to Plaintiff for the healthcare staffing services provided by Plaintiff to Defendant, Defendant has refused to pay Plaintiff the remaining $120,480.79. Therefore, Defendant has been unjustly enriched.

52.    Under the circumstances, it would be inequitable for Defendant to retain the benefit of the services provided by Plaintiff without paying Plaintiff the full amount owed.

53.    Plaintiff is further entitled to pre-judgment and post-judgment interest.

## COUNT FOUR: QUANTUM MERUIT
## AGAINST DEFENDANT BRISTOL CARE

54.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1-28 of this Complaint as if fully set forth herein.

55.    Plaintiff alleges in the alternative to its breach of contract claim, that Plaintiff is entitled to recover under the doctrine of *quantum meruit* if it is determined that either a valid and enforceable contract does not exist, the existing

contract does not cover the subject matter of the dispute between Plaintiff and Defendant, Plaintiff performed services that were outside of or over and above those contemplated by the existing contract, or the existing contract is void.

56.     On August 04, 2021, Defendant induced Plaintiff to confer a benefit on Defendant by requesting healthcare staffing services from Plaintiff with the promise of compensation.

57.     Plaintiff, in good faith, provided the requested healthcare staffing services to Defendant, with the expectation of being compensated for the services.

58.     Defendant consented to, assented to, and accepted the conferred benefit provided by Plaintiff to Defendant.

59.     Defendant knew that Plaintiff was not providing the services gratuitously.

60.     Defendant knew that Plaintiff reasonably expected to be compensated for the services provided.

61.     Plaintiff properly invoiced Defendant for the healthcare staffing services provided by Plaintiff to Defendant.

62.     While Defendant made partial payment to Plaintiff for the healthcare staffing services provided by Plaintiff to Defendant, Defendant has refused to pay Plaintiff the remaining $120,480.79. Therefore, Plaintiff has not received the full reasonable value of the services it provided to Defendant.

63.     Under the circumstances, it would be inequitable for Defendant to retain the benefit provided by Plaintiff without paying for it.

64.     Plaintiff is further entitled to pre-judgment and post-judgment interest.

## COUNT FIVE: ATTORNEY'S FEES AND COSTS AGAINST DEFENDANT BRISTOL CARE

65.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-28 of this Complaint as if fully set forth herein.

66.     There is no bona fide controversy that Defendant has breached its contractual obligations to Plaintiff in the amount of its withheld payments.

67.     Plaintiff reached out to Defendant via email over several months, then by two demand letters from counsel, respectfully requesting payment of the amounts owed.

68.     Defendant stubbornly refused to respond to Plaintiff's demand letters, leaving Plaintiff no choice but to incur the trouble and expense of litigation in order to recover the amounts owed.

69.     Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense. Therefore, Plaintiff is entitled to recover its reasonable attorney's fees and expenses of litigation from Defendant pursuant to O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests that the Court enter judgment in

its favor and award it the following relief:

(a) Compensatory damages;

(b) Pre-judgment interest;

(c) Post-judgment interest;

(d) Reasonable attorney's fees and costs of litigation;

**(e)** Such other relief as the Court deems appropriate.

### **NOTICE OF INTENT TO SEEK ATTORNEYS' FEES**

Plaintiff hereby gives notice of its intent to seek an award of attorneys' fees

expended in this lawsuit pursuant to the agreements between the parties and any

other available entitlement to same.

Respectfully Submitted,


*/s/ Matthew C. Giovenco*
Matthew C. Giovenco
Florida Bar No. 1038856
mgiovenco@sbwhlegal.com
Mahlon H. Barlow
Florida Bar No. 0871117
mbarlow@sbwhlegal.com
mhbassistant@sbwhlegal.com
**SIVYER BARLOW WATSON
& HAUGHEY, P.A.**
401 E. Jackson Street, Ste. 2225
Tampa, FL  33602

Tel. (813) 221-4242
Fax: (813) 227-8598

-and-

Elijah Davis, Esq.
elijah.davis@stantonlawllc.com
Evan Alberhasky, Esq.
evan.alberhasky@stantonlawllc.com
(to seek admission *pro hac vice*)
STANTON LAW, LLC
410 Plasters Avenue NE, Suite 200
Atlanta, Georgia 30324
Telephone: (404) 881-1288

- 13 -